Lloyd Ambinder, Esq.
Jack Newhouse, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel:  (212) 943-9080
Fax: (212) 943-9082

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY– NEWARK DIVISION

| | |
|---|---|
| RUBEN TAVERAS, individually and on behalf of all other persons similarly situated who were employed by PSC INDUSTRIAL OUTSOURCING LP D/B/A PSC INDUSTRIAL SERVICES, and/or any other entities affiliated with, controlling, or controlled by PSC INDUSTRIAL OUTSOURCING LP D/B/A PSC INDUSTRIAL SERVICES,<br><br>                                       Plaintiffs,<br><br>            - against -<br><br>PSC INDUSTRIAL OUTSOURCING LP D/B/A PSC INDUSTRIAL SERVICES and any other entities affiliated with, controlling, or controlled by PSC INDUSTRIAL OUTSOURCING LP D/B/A PSC INDUSTRIAL SERVICES and JOHN DOE BONDING COMPANY,<br><br>                                    Defendants. | CIVIL ACTION FILE NO: 17-cv-6833<br><br>**CLASS ACTION COMPLAINT** |

Named Plaintiff Ruben Taveras ("Named Plaintiff"), by his attorneys, Virginia & Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.     This action is brought on behalf of Named Plaintiff and a putative class of individuals who performed utility work, such as clean-up, waste removal, restoration, and remediation, and similar tasks, for PSC INDUSTRIAL OUTSOURCING LP d/b/a PSC INDUSTRIAL SERVICES, and any other entities affiliated with, controlling, or controlled by PSC INDUSTRIAL OUTSOURCING LP d/b/a PSC INDUSTRIAL SERVICES ("PSC"), to

recover wages and benefits which Named Plaintiff and the members of the putative class were contractually entitled to receive for work they performed on utility projects, including, but not limited to, Consolidated Edison of New York, Inc. ("Con Edison") projects in New York ("Con Edison Projects"), Keyspan Corporate Services LLC, d/b/a National Grid ("National Grid") projects in New York ("National Grid Projects"), PSEG Long Island, LLC projects in New York ("PSEG Long Island Projects"), and Public Service Electric and Gas Company ("PSEG") projects in New Jersey ("PSEG New Jersey Projects") (collectively referred to as the "Utility Projects").

## JURISDICTION

2.     This Court has original jurisdiction over this action pursuant to the diversity jurisdiction, 28 U.S.C. § 1332. The parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

## VENUE

3.     Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2), as a substantial part of the events that give rise to this action took place in the District of New Jersey, Newark.

## PARTIES

4.     Named Plaintiff resides in the state of New Jersey.

5.     Defendant PSC INDUSTRIAL OUTSOURCING LP is incorporated in the state of Delaware. Upon information and belief, PSC Industrial Outsourcing LP maintains its principal place of business at 5151 San Filipe, Suite 1100, Houston, Texas 77056.

6.     Upon information and belief, PSC Industrial Outsourcing LP does business under the name PSC Industrial Services, a company also located at 5151 San Filipe, Suite 1100,

Houston, Texas 77056.

## CLASS ALLEGATIONS

7.      This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.      This action is brought on behalf of the Named Plaintiff and a class consisting of every other person who performed utility work, such as clean-up, waste removal, restoration, and remediation, and similar tasks for PSC on the sites of the Utility Projects since September 5, 2011.

9.      Named Plaintiff and members of the putative class are all victims of the PSC's common policy and/or plan to not pay prevailing wages and supplemental benefits for work performed by Named Plaintiff and members of the putative class on the Utility Projects.

10.      The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 individuals.  In addition, the names of all potential members of the putative class are not known.

11.      Questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether PSC entered into a contract that required the payment of prevailing wages and supplemental benefits to Named Plaintiff and members of the putative class; (2) whether PSC had a statutory requirement to pay prevailing wages and supplemental benefits for the work performed on Utility Projects located in New Jersey; and (2) whether PSC paid the Named Plaintiff and members of the putative class at the proper prevailing wage and benefit rate.

12.      The claims of the Named Plaintiff are typical of the claims of the putative class

3

members. The Named Plaintiff, like all members of the putative class, worked on the Utility Projects and was subject to Defendant's policies and willful practice of refusing to pay employees prevailing wages and supplemental benefits. The Named Plaintiff and putative class members have thus sustained similar injuries as a result of the Defendant's actions

13.    Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation, and in particular litigation relating to unpaid prevailing wages and supplemental benefits.

14.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendant. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## FACTS

15.    Upon information and believe, since at least September 5, 2011, PSC has been a party to various contracts with Con Edison, National Grid, PSEG Long Island, and PSEG to perform clean-up, waste removal, restoration, and remediation work at the sites of the Utility Projects (the "Utility Contracts").

16.    Upon information and belief, the Utility Contracts that govern the Utility Projects located in New York each contain a provision that requires PSC to pay workers employed on the Utility Projects in New York at the hourly rate of prevailing wages and supplemental benefits set by the Comptroller of the City of New York or the New York State Department of Labor,

depending on the location of the Utility Project.

17.     Upon information and belief, a schedule of the prevailing rates of wages and supplemental benefits were annexed to, or incorporated by reference, in each of the Utility Contracts governing New York Utility Projects.

18.     This promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the Utility Contracts was made for the benefit of all workers furnishing labor on the Utility Projects and, as such, the workers furnishing labor on the sites of the Utility Projects are the beneficiaries of that promise.

19.     In addition, pursuant to New Jersey Statute §§ 34:13B-2.1; 34:11-56.27; 34:11-56.28, each of the Utility Contracts governing work performing on the Utility Projects located in New Jersey contains a provision specifying the prevailing wage rate to be paid to all employees on the New Jersey Utility Projects and mandating the payment of same to Named Plaintiff and other members of the putative class.

20.     The "prevailing rate of wage" and "supplemental benefit" is the rate of wage and benefit paid in the locality by virtue of collective bargaining agreements between bona fide labor organizations and employers of the private sector. *See* New Jersey Statute §§ 34:11-56.27; 34:11-56.28.

21.     Upon information and belief, a schedule of prevailing rates of wages and supplemental benefits to be paid to all workers furnishing labor on the site of the New Jersey Utility Projects was annexed to and formed a part of the New Jersey Utility Contracts.

22.     Upon information and belief, the New Jersey Utility Contracts further required PSC to oversee the performance of the work, and to ensure that workers employed at the New

Jersey Utility Projects were paid prevailing wage and supplemental benefits.

23.    Upon information and belief, Defendant John Doe Bonding Company furnished Labor and Material Payment Bonds the terms of which insured that the Bonding Company would pay unpaid prevailing wages and supplemental benefits to Named Plaintiff and the putative class members in the event PSC failed to pay these wages.

24.    Upon information and belief, under the Utility Contracts, the prevailing wage and supplemental benefit rate for non-overtime or premium hours worked was in excess of $50 to $80 per hour depending on the type of work performed, the location of the work performed, and the year it was performed.

25.    Named Plaintiff Taveras and members of the putative class performed various types of utility-related work, including pumping out water, clean-up, waste removal, restoration, and remediation at the sites of the Utility Projects for PSC.

26.    Named Plaintiff Taveras was employed by PSC during the 2016 calendar year.

27.    Named Plaintiff Taveras worked on various New York and New Jersey Utility projects, such as, projects in Englewood Cliffs (NJ), Teaneck (NJ), Manhattan (NY), and in the Bronx (NY).

28.    During his employment, Taveras would regularly work 10 to 12 hours per day on Utility Projects.

29.    On these Utility Projects, Plaintiff Taveras' rate was approximately $16 per hour, far below the applicable prevailing wage and supplemental benefit rate required to be paid pursuant to New Jersey statute and under the Utility Contracts.

30.    Named Plaintiff was not paid overtime when he worked over 8 hours in a day or

premium time on weekends or holidays.

31.     Like Named Plaintiff, the putative class members also were not paid at the proper prevailing wage and supplemental benefit rate while working on the Utility Projects.

**FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT PSC --**
**BREACH OF THE UTILITY CONTRACTS**

32.     Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

33.     Upon information and belief, the Utility Contracts entered into by Defendant PSC, contained a requirement to pay Named Plaintiff and the putative class at the prevailing rates of wages and supplemental benefits for the work they performed.

34.     Those prevailing rates of wages and supplemental benefits were made a part of the Utility Contracts for the benefit of Named Plaintiff and the other members of the putative class.

35.     Defendant PSC breached the Utility Contracts by willfully failing to pay and ensure payment to Named Plaintiff and the other members of the putative class the prevailing rates of wages and supplemental benefits at the proper trade classification rates for all labor performed upon the Utility Projects.

36.     By reason of its breach of each Utility Contract, Defendant PSC is liable to Named Plaintiff and the other members of the putative class in the amount to be determined at the trial, plus interest, costs and attorneys' fees.

**SECOND CAUSE OF ACTION**
**AGAINST PSC FOR**
**FAILURE TO PAY THE NEW JERSEY PREVAILING WAGE**

37.    Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

38.    New Jersey Statute 34:11-56.40 concerning Wages on Public Work provides that "if any workman is paid less than the prevailing wage to which such workman is entitled under the provisions of this act such workman may recover in a civil action the full amount of such prevailing wage less any amount actually paid to him or her by the employer, together with costs and such reasonable attorney's fees."

39.    Defendant willfully paid Named Plaintiff and the other members of the putative class less than the prevailing rates of wages and supplemental benefits to which Named Plaintiff and the other members of the putative class were entitled for the labor which they furnished to PSC Utility Projects located in New Jersey.

40.    Due to its failure to pay prevailing wages and supplemental benefits, Defendant PSC is liable to Named Plaintiff and the other members of the putative class in the amount to be determined at the trial, plus interest, costs and attorneys' fees.

**THIRD CAUSE OF ACTION**
**AGAINST JOHN DOE BONDING COMPANY— SURETYSHIP**

41.    Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

42.    By issuing the Labor and Material Payment Bonds to PSC in connection with each

Utility Contract, Defendant John Doe Bonding Company assumed joint and several liability with PSC to pay Named Plaintiff and the other members of the putative class any and all wages and supplements due and owing to them which PSC failed to pay.

43.    PSC has failed to pay Named Plaintiff and the other members of the putative class the prevailing wages and supplemental benefits for type of trade work they performed on the Utility Projects in an aggregate sum to be determined at trial, plus interest, fees and costs.

44.    Pursuant to the terms of the Bonds, Defendant John Doe Bonding Company is required to make payment to Named Plaintiff and the other members of the putative class in an amount to be determined at trial, plus interest, costs and attorneys' fees.

**WHEREFORE**, Named Plaintiff and the members of the putative class demand judgment:

(1) on their first cause of action against Defendant PSC in an amount to be determined at trail, plus interest, costs and attorneys' fees;

(2) on their second cause of action against Defendant PSC in an amount to be determined at trail, plus interest, costs and attorneys' fees;

(3) on their third cause of action against Defendant John Doe Bonding Company in an amount to be determined at trial, plus interest, fees, and costs, and in an amount apportioned to each Labor and Material Payment Bond as per the terms of the applicable bonds; and

(4)  such other and further relief as to the Court may deem just and proper.

Dated:  New York, New York
          September 6, 2017

                                VIRGINIA & AMBINDER, LLP

<u>/s/LLOYD AMBINDER</u>
Lloyd Ambinder, Esq.
Jack Newhouse, Esq.
Attorneys for Plaintiffs and the Putative Class
40 Broad Street  --  7th Floor
New York, N.Y. 10004
Lambinder@vandallp.com
Jnewhouse@vandallp.com
(212) 943-9080