NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUBEN TAVERAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PSC INDUSTRIAL OUTSOURCING LP<br>D/B/A PSC INDUSTRIAL SERVICES, et al.,<br><br>Defendants. | Civil Action No.: 17-6833 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

**I.     INTRODUCTION**

This matter comes before the Court on PSC Industrial Outsourcing LP's ("PSC") Motion to Dismiss Plaintiff Ruben Taveras' ("Taveras" or "Plaintiff") First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 6 ("Mot.")). Taveras opposes PSC's Motion. (ECF No. 11 ("Opposition")). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth below, PSC's motion is granted.

**II.    BACKGROUND**

Plaintiff brings this action on behalf of himself and a putative class of individuals who performed utility work for PSC and its affiliates (collectively, "Putative Class Members"). (ECF No. 1 ("Compl.") ¶ 1). Defendants are PSC, a Delaware-incorporated company which describes itself as a "provid[er] [of] industrial cleaning services" (Compl. ¶ 5, Mot. at 2) and "any other entities affiliated with, controlling, or controlled by [PSC]" and John Doe Bonding Company ("Bonding Co.") (collectively, "Defendants"). (Compl. ¶ 1).

Plaintiff alleges that he was employed by PSC in 2016[1] and worked on various utility projects in New York and New Jersey during that time. (*Id.* ¶¶ 26-27). Plaintiff contends that Defendants have failed to pay prevailing wages and benefits owed to him for his work with PSC and to the Putative Class Members for their work on PSC-related utility projects in New York and New Jersey. (*Id.* ¶ 1).[2] Initially, Plaintiff argued that he and the Class Members were entitled to these wages under project contracts to which PSC was a party, as well as under New Jersey Prevailing Wage statutes. (*Id.* ¶¶ 35, 39). In his Opposition, however, Plaintiff withdrew his contract-based argument (Opposition at 1, FN 1) and elected to rely on his statutory argument instead.

Plaintiff filed his Complaint on September 9, 2017, bringing three causes of action: breach of contract (Count I)[3]; failure to pay New Jersey Prevailing Wage (Count II); and suretyship (Count III). (Compl. ¶¶ 32-36, 37-40, 41-44).[4] On November 6, 2017, Defendant filed the Motion to Dismiss now before the Court. On December 5, 2017, Plaintiffs filed an Opposition to the Motion, withdrawing Count I of the Complaint. (Opposition at 1, FN 1). On December 11, 2017, Defendants filed their Reply in further support of their Motion to Dismiss. (ECF No. 15 ("Reply")).

---

[1] Notably, PSC contests this allegation, asserting that Plaintiff was employed and paid by ROI Staffing, a subcontractor who provided labor on cleanup projects managed by PSC. (Mot. at 3).
[2] Plaintiff alleges that the Bonding Co. furnished bonds insuring they would pay unpaid wages and benefits to PSC workers in the event PSC did not. (Id. ¶ 23).
[3] Plaintiff has withdrawn this Count in his Opposition. (Opposition at 1, FN 1 ("Plaintiff withdraws his first cause of action for breach of contract")). The Court therefore need not adjudicate the matter in this Opinion.
[4] Plaintiff brought Counts I and II against PSC and Count III against the Bonding Co.. (Compl. ¶¶ 36 40, 44).

## III. LEGAL STANDARDS

### A. Rule 12(b)(1)

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). One key aspect of this case-or-controversy requirement is standing. See id. "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

To establish standing, a plaintiff must satisfy a three-part test, showing: "(1) an 'injury in fact,' i.e., an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, i.e., traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *Nat'l Collegiate Athletic Ass'n v. Governor of N.J.*, 730 F.3d 208, 218 (3d Cir. 2013) (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Although a plaintiff bears the burden of establishing the elements of standing, at the motion to dismiss stage, the Court "must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Ballentine*, 486 F.3d at 810.

### B. Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6),

3

it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers 'labels and conclusions . . . will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## IV. DISCUSSION

PSC moves to dismiss all remaining claims for lack of standing and for failure to state a claim. For the reasons set forth below, this Court will grant the Motion to Dismiss.

### A. Failure to Pay the New Jersey Prevailing Wage (Count II)

As a threshold matter, the Court must examine whether Plaintiff has standing under Article III to assert his New Jersey Prevailing Wage claims. The Court will then proceed to the merits of Plaintiff's claims.

4

The Court notes that, although the Complaint does not state a definitive statutory basis for Count II, it appears that Plaintiff relies on two statutes in his pleading and subsequent filings: the New Jersey Prevailing Wage Act, N.J. Stat. Ann. § 34:11-56.25 *et seq.* ("NJPWA") and the Labor Disputes in Public Utilities Act, N.J. Stat. § 34:13B-2.1 ("LDPUA"). The Court will address each of these statutes in turn.

### 1. New Jersey Prevailing Wage Act, N.J.S.A. § 34:11-56.25 *et seq.*

Although it appears to the Court that Plaintiff may have withdrawn his arguments under the NJPWA, to the extent Plaintiff pursues such claims, they fail for lack of standing and as insufficiently pleaded.[5]

The NJPWA holds in relevant part that, "if any workman is paid by an employer less than the prevailing wage to which such workman is entitled under the provisions of this act, such workman may recover in a civil action the full amount of such prevailing wage less any amount actually paid to him or her by the employer." N.J.S.A. § 34:11-56.40. Plaintiff alleges that Defendants have failed to pay him and the other Putative Class Members the "prevailing wage" to which they are entitled, and now seeks recovery by way of class action. (Compl. ¶¶ 39-40).

However, Plaintiff lacks standing to pursue his NJPWA claim because he has not pleaded that he conducted work under a public work contract and therefore does not fall under the protection of the NJPWA. New Jersey Courts have established that "the [NJPWA] was passed to

---

[5] The parties dispute the extent to which Plaintiff has withdrawn his arguments under the NJPWA. (*See* Opposition at 6 ("PSC . . . [argues] that Plaintiff is only seeking prevailing wages pursuant to [the NJPWA] . . . [however] Plaintiff's underlying claim is based on N.J. Stat. § 34:13B-2.1 . . . ."); Reply at 1 ("[D]espite having pled his second cause of action under the [NJPWA], Plaintiff now insists that he is bringing his statutory wage claim *solely* under the Labor Disputes in Public Utilities Act" (emphasis added). Indeed, it is unclear to the Court whether Plaintiff continues to pursue his claims under the NJPWA. Nonetheless, the Court will address the matter herein.

protect the compensation rates paid to laborers under a *public work contract*" and held that the NJPWA "afforded no protection" to Plaintiffs not employed on a public works project. *Bankston v. Housing Authority of City of Newark*, 342 N.J.Super. 465, 469 (N.J. Super. Ct. App. Div. 2001) (emphasis added) (citing *Horn v. Serritella Bros., Inc.*, 190 N.J.Super. 280, 283 (N.J. Super. Ct. App. Div. 1983). Under the NJPWA, "public work" applies to assorted tasks either "done under contract and paid for in whole or in part out of the funds of a public body" or "done on any property or premises…if, at the time of the entering into of the contract the property or premises is owned by the public body." (N.J.S.A. § 34.11–56.26(5). Nothing in the Complaint suggests that Plaintiff was employed under a public work contract, as would be necessary to fall under the protection of the NJPWA. Accordingly, it does not appear to the Court that Plaintiff has pleaded standing under the Act.

Nonetheless, even if Plaintiff had standing, Plaintiff's NJPWA claim fails under Federal Rule of Civil Procedure 12(b)(6) for similar reasons which have been addressed at the federal level. Applying the NJPWA, the Court in *Porter v. Sunbelt Rentals, Inc.* held that, in order to state a claim under the NJPWA, a Plaintiff must allege that they 1) did public work for a public body, 2) did public work on property or premises owned by a public body, or 3) did public work on property or premises leased or to be leased by a public body. *See Porter v. Sunbelt Rentals, Inc.*, No. 13–6901, 2014 WL 2586939, at*3 (D.N.J. June 10, 2014) (citing N.J. Stat. Ann. § 34:11–56.27). As stated in the Court's discussion of standing under the NJPWA, "public work" applies to assorted tasks either "done under contract and paid for in whole or in part out of the funds of a public body" or "done on any property or premises…if, at the time of the entering into of the contract the property or premises is owned by the public body." N.J.S.A. § 34.11–56.26(5). Furthermore, the NJPWA defines "public body" as "the State of New Jersey, any of its political

subdivisions, any authority created by the Legislature of the State of New Jersey and any instrumentality or agency of the State of New Jersey or of any of its political subdivisions." N.J.S.A. § 34.11–56.26(4). Here, Plaintiff has not alleged that he performed either public work or work for a public body as defined by the statute, and his NJPWA claim must accordingly fail. *See Porter* 2014 WL 2586939 at*3 (dismissing plaintiff's NJPWA claim under Fed. R. Civ. Pro. 12(b)(6) for failure to allege that he conducted work for a "public body" as defined by the NJPWA).

2. **Labor Disputes in Public Utilities Act, N.J.S.A. § 34:13B-2.1**

To the extent Plaintiff pursues claims under the LDPUA,[6] his claims fail as insufficiently pleaded.

The LDPUA holds in relevant part that "any employee employed by a construction contractor engaged in construction work on a public utility shall be paid the wage rate for their craft or trade as determined by the Commissioner of Labor and Workforce Development pursuant to the provisions of the 'New Jersey Prevailing Wage Act.'" N.J.S.A. § 34:13B-2.1. Unlike the NJPWA's principles of "public work" and "public body," which bar Plaintiff's suit here (*see supra* Part IV(A)(1)), the LDPUA's definition of "public utility" appears consistent with Plaintiff's pleadings. *Compare* N.J.S.A. § 34:13B-16(a) ("The term 'public utility' shall include…electric light, heat and power companies… gas companies…sewer companies; steam and water power companies…tunnel companies; water companies) *with* Compl. ¶ 1 (alleging Plaintiff and the

---

[6] In his Opposition brief, Plaintiff clarifies that "[his] underlying claim is based on N.J. Stat § 34:13B-2.1." (Opposition at 6). The Court acknowledges PSC's argument that, in pleading his second cause of action, Plaintiff did not specifically cite to the Labor Disputes in Public Utilities Act, N.J. Stat. § 34:13B-2.1. (Reply at 3). Nonetheless, the Court will adjudicate the matter here in light of Plaintiff's reference to the statute in his Complaint (see Compl. ¶ 19) and Defendant's thorough and substantive briefing on the issue.

7

Putative Class Members worked on utility projects with companies including Consolidated Edison, National Grid, and Public Service Electric and Gas Company).

Nevertheless, PSC argues that Plaintiff does not have standing as he has not alleged that he performed "construction work" within the definition of the LDPUA. (Reply at 12-14). The LDPUA defines "construction work" as "construction, reconstruction, installation, demolition, restoration, and alteration of facilities of the public utility." N.J.S.A. § 34:13B-16(g). The LDPUA specifically states that "'construction work on a public utility' shall *not* be construed to include operational work, including flaggers, snow plowing, vegetation management in and around utility rights of way, mark outs, janitorial services, landscaping, leak surveyors, meter work, and miscellaneous repairs." *Id.* (emphasis added). In the Complaint, Plaintiff alleges that he and the Putative Class Members "performed utility work, such as clean-up, waste removal, restoration, and remediation, and similar tasks" in utility projects with PSC, Consolidated Edison, Public Service Electric and Gas Company, and other utility companies. (Compl. ¶¶ 1, 8). For the purposes of a motion to dismiss, Plaintiff has sufficiently alleged that his work may fall within the ambit of the LDPUA. (*Compare* N.J.S.A. § 34:13B-16(g) (listing "restoration" as an example of the type of "construction work" covered by the LDPUA) *with* Compl. ¶ 8 (stating that Plaintiff engaged in, *inter alia*, "waste removal, *restoration*, and remediation" efforts (emphasis added)).

Plaintiff's claim fails, rather, as he does not allege that the Labor Commissioner has found PSC to be in violation of the LDPUA. The LDPUA provides relief for "[a] construction contractor who is found by the Commissioner of Labor and Workforce Development to be in violation of the provisions of [the LDPUA]." N.J.S.A. § 34:13B-2.1. Thus, by the plain language of the statute, a plaintiff is only entitled to relief on a finding from the Commissioner of Labor and Workforce Development that the defendant has violated the LDPUA. Plaintiff has failed to allege as much

anywhere in his Complaint. Accordingly, Court dismisses Plaintiff's claims brought under the LDPUA.

### B. Suretyship (Count III)

Plaintiff also brings a claim against the Bonding Co. for suretyship, arguing that "by issuing [payment bonds] to PSC in connection with each Utility Contract, Defendant [Bonding Co.] assumed joint and several liability with PSC to pay [Plaintiff] and the other members of the putative class any and all wages and supplements." Compl. ¶ 42. Because Plaintiff has withdrawn his claim for breach of contract (Opposition at 1 FN 1) and because the Court dismisses Plaintiff's remaining statutory claims (*supra* Part IV(A)), Count III of the Complaint fails as Plaintiff has no remaining cause of action on which to hold PSC and the Bonding Co. jointly liable. (*See Hudson County v. Terminal Const. Corp.*, 154 N.J.Super. 264, 270 (N.J. Super. Ct. App. Div. 1977) ("Therefore, since plaintiffs did not have a cause of action against [defendant], they had no cause of action against [the surety]"); *see also Knecht, Inc. v. United Pacific Ins. Co.*, 860 F.2d 74, 83 (3d Cir. 1988) (Cowen, R., concurring in part and dissenting in part) ("Under general principles of suretyship law, the liability of the surety can be no greater than the liability of its principal"). The Court accordingly dismisses Count III.

### V. CONCLUSION

For the reasons set forth above, PSC's Motion to Dismiss is granted. To the extent Plaintiff

can cure the pleading deficiency by way of amendment, Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order accompanies this opinion.

／s／ *Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**

Dated: June 28, 2018